IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| SHARON OSBURN,              ) | |
|                             ) | |
|     Plaintiff,              ) | |
|                             ) | CIVIL ACTION NO. |
|     v.                      ) | 2:12cv349-MHT |
|                             ) | (WO) |
| CHUCK HAGEL, Secretary,     ) | |
| Department of Defense,      ) | |
| (Defense Information        ) | |
| Systems Agency),            ) | |
|                             ) | |
|     Defendant.              ) | |

OPINION AND ORDER

Plaintiff Sharon Osburn brought this action against defendant Secretary of the Department of Defense claiming sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a & 2000e through 2000e-17.  Subject-matter jurisdiction is proper under 42 U.S.C. § 2000e-5(f)(3) (Title VII).  The cause is before the court on Osburn's motion to strike or disregard certain evidence.  The motion will be granted in part and denied in part.

At the outset, insofar as Osburn asks the court to strike the evidence in question, the motion is denied. The Federal Rules of Civil Procedure restrict the use of a motion to strike to the pleadings. A motion to strike is not an appropriate vehicle for a general attack on another litigant's affidavits and evidence. See Jeter v. Montgomery Cnty., 480 F. Supp. 2d 1293, 1295 (M.D. Ala. 2007) (Thompson, J.); Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala 1999) (Thompson, J.); Fed.R.Civ.P. 12(f); see also 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 2013) ("Only material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). However, Osburn also asks the court to disregard the evidence in question. As such, in resolving the pending summary-judgment motion, the court will consider the motion as notice of objections to that

evidence.  Norman v. Southern Guar. Ins. Co., 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002) (Thompson, J.).

Osburn objects to various affidavits, email correspondence, and policy documents on two sets of grounds.  Some of her objections are evidentiary in nature, such as her objections that particular evidence constitutes hearsay or legal conclusions, or lacks a basis in personal knowledge.  As to these objections, insofar as a ruling regarding the admissibility of evidence is necessary at this stage, see Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005), the court will address these objections in its ruling on summary judgment.

The remainder of Osburn's objections are based on alleged discovery violations.  She argues that the Defense Secretary failed to disclose various witnesses and documents during discovery and that the court should therefore disregard them in considering his motion for

summary judgment.  The court will examine each disputed witness or document in turn.

### A.  Sexual-Harassment Policies

Osburn objects to ten of the 11 pages of sexual-harassment policies that the Defense Secretary submitted in support of his motion for summary judgment. See Pf. Motion to Strike or Disregard (Doc. No. 137) at 2-3; Policies (Doc. No. 131-12) at 2-10.  Osburn says that she requested policies regarding harassment in discovery but that he produced only one such policy document.  See Policy (Doc. No. 131-12) at 11.  She argues that the rest of the policy documents must be disregarded because they "were provided after August 16, 2013," or, in other words, were not provided "within the discovery period."  Pf. Motion to Strike or Disregard (Doc. No. 137) at 3.

The Secretary responds that, in fact, he did provide the documents within the discovery period.  Discovery was

initially set to close July 15, 2013, and later extended to August 12.  Because of difficulty scheduling Osburn's deposition, the court granted an extension to August 16.  See Motion for Extension of Time; Order (Doc. Nos. 89 & 92).  On August 16, the Secretary filed a motion to dismiss the case because Osburn remained unavailable to be deposed.  Motion to Dismiss (Doc. No. 93).  The magistrate judge in this case held a hearing on that motion on August 27, at which time he withheld a ruling on the motion to dismiss and ordered Osburn and her husband to submit to depositions on or before September 11, 2013.  Order (Doc. No. 102); Transcript (Doc. No. 144-1 at 14).  The policies in question were introduced as an exhibit to Osburn's deposition held on September 10.  Osburn Dep. (Doc. No. 131-1) at 18; Policies (Doc. No. 131-12) at 1 (cover page representing that Exhibit 12 to the Secretary's motion for summary judgment was Exhibit 8 to Osburn's deposition).

5

In other words, the Secretary gave Osburn the policies at the same time as Osburn finally made herself available for a deposition.  The court sees no basis to exclude the September 10 disclosures but still consider Osburn's September 10 testimony.  Thus, whether or not the magistrate judge "effectively stayed" discovery pending Osburn's deposition as the Secretary argues, Dft. Opp. Strike or Disregard (Doc. No. 144) at 12, the court declines Osburn's invitation to sanction him by excluding the policies.[1]

---

1. This is not to say that the court would not have considered <u>any</u> sanctions in this instance.  The Secretary responded to Osburn's request for production on January 15, 2013, but did not produce the policies in question until Osburn's deposition, some nine months later.  If the Secretary knew of the policies in January and did not disclose them, he might well be subject to sanctions. But Osburn did not file a motion for sanctions on this basis upon learning of the policies in September 2013. She did not seek to extend discovery based on the policies.  Instead, she sought only to exclude the documents from the court's consideration, and cited only the Secretary's purported failure to disclose the policies within the discovery period.  As such, the propriety of any other possible sanctions is not before the court.

B.  Affidavit of Paul Sibley

In support of his motion for summary judgment, the Defense Secretary offered an affidavit from Paul Sibley. The brief affidavit purports to establish that new employees at Osburn's agency are given an orientation that includes the agency's policies and procedures regarding harassment.  Sibley Aff. (Doc. No. 131-11). Attached to the affidavit is the agenda from an orientation that, he contends, Osburn herself attended. Id. at 3 ; see also Email (Doc. No. 131-10) (Osburn apparently indicating she would attend the orientation).

Osburn objects to the affidavit, citing the Defense Secretary's failure initially to disclose Sibley.  The Rules provide for 'initial disclosures,' including requiring each party to:

> "...without awaiting a discovery request, provide to the other parties ... (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or

7

>    defenses, unless the use would be solely
>    for impeachment."

Fed. R. Civ. P. 26(a)(1)(A). The Secretary provided initial disclosures as required, but did not cite Sibley as a potential witness. <u>See</u> Disclosures (Doc. No. 137-1). The Rules also require parties to correct or supplement their initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Osburn contends, and the Secretary does not dispute, that the Secretary never submitted supplemental initial disclosures.

The Secretary argues that he did disclose Sibley as a potential witness by providing Osburn with, during the course of discovery, email correspondence between herself and Sibley. This, he argues, should have put Osburn on notice that Sibley might be a witness in the case,

8

obviating the need for a formal Rule 26(a) or 26(e) disclosure. Even if he sent Osburn the emails, as he maintains, that would not satisfy his obligations under Rule 26, which requires disclosure not only of the identity of a potential witness but also the subjects of his likely testimony and his address and telephone number. Fed. R. Civ. P. 26(a)(1)(A). The Secretary has made no showing that he ever, formally or as a practical matter, disclosed that information to Osburn.[2]

The Rules provide for especially strict enforcement of the initial-disclosures requirement. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party <u>is not allowed</u>

---

2. Indeed, even the Secretary's contention that he disclosed Sibley's identity amounts to nothing more than the say-so of defense counsel. While he cites to an exhibit, <u>see</u> Dft. Reply Br. Summ. Judgt. (Doc. No. 144) at 15 n.8, the exhibit itself was not included with the brief, apparently in anticipation of a supplemental filing. Exhibit B to Dft. Reply Br. Summ. Judgt. (Doc No. 144-2). The court is not aware of any supplemental filing. Thus, on this record, he has offered no evidence he ever disclosed Sibley prior to filing his motion for summary judgment.

<u>to use that information or witness</u> to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). The commentary to the rule indicates that it was intended to constitute a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion." Advisory Committee's 1993 not on subd. (c) of Fed. R. Civ. P. 37. "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56." <u>Id</u>.

The Secretary argues that his failure to disclose Sibley was harmless because, despite having been given the opportunity, Osburn declined to depose any agency witnesses. But, of course, the fact that Osburn declined to depose the witnesses upon whom she knew he intended to rely upon does not establish that she would have declined

10

to depose unanticipated witnesses. Indeed, giving opposing parties the opportunity to seek discovery is the entire point of mandating disclosure of potential witnesses. "The burden rests upon the non-producing party to show that its actions were substantially justified or harmless." Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 368 (M.D. Ala. 2001) (De Mint, J.). The Secretary has offered only speculation in that respect, and failed to carry his burden. Sibley's affidavit will be excluded, and the attached document disregarded for lack of foundation.


### C. Affidavit of Janis Platt

The Defense Scretary also submitted an affidavit from Janis Platt in support of his summary-judgment motion. Platt states that Osburn was assigned to work under her supervision in May 2010, and sets forth Platt's version of the events leading up to Osburn's termination in October 2011.

11

Osburn objects to the Platt affidavit, again citing the Secretary's alleged failure to disclose Platt as a witness pursuant to Rules 26(a) and 26(e). However, in a letter to Osburn's counsel, the Secretary's counsel specifically identified Platt, and provided contact information for her. See Letter date Feb. 28, 2013 (Doc. No. 144-3). Osburn has not explained why this notice was insufficient or, if for some reason it was insufficient, why she did not raise the issue sooner. The court finds that there was no Rule 26 violation with regard to Platt and will consider her affidavit.[3]

### D.  Email Correspondence

Finally, Osburn objects to email correspondence, apparently sent from Jason Bakker and Gregory Nixon,

---

3. Osburn also seems to argue that the Secretary failed to disclose Platt in response to an interrogatory. See Pfs. Pfs. Motion to Strike or Disregard (Doc. No. 137) at 17-18. The court cannot discern how Platt's testimony falls within the quoted interrogatories and thus concludes there has been no violation on this score either.

12

because Bakker and Nixon were not disclosed as potential witnesses pursuant to Rules 26(a) and 26(e). Those emails apparently relate to Equal Employment Opportunity climate surveys held at Osburn's agency. See Emails (Doc. Nos. 131-64 & 131-70).

The Secretary represents that the emails themselves were disclosed to Osburn during the course of discovery; Osburn offers no reason to doubt that is true. Rather, Osburn's only argument appears to be that the Secretary did not disclose his intention to call the authors of those emails as witnesses. But the Secretary has offered no affidavits or other sworn statements from Bakker or Nixon; indeed, there is no indication at all that he does intend to rely on either as a witness. Rather, he has submitted stand-alone email correspondence, apparently between those individuals and Osburn. While Osburn might object that such emails constitute hearsay and lack foundation, she can hardly object on the grounds that the Secretary failed to disclose the name of witnesses that

13

he "may use" without any evidence that he ever had any intention of 'using' those individuals. Therefore, the court will consider the emails at summary judgment, but will construe Osburn's objection as an evidentiary one and address it to the extent necessary. See Rowell, 433 F.3d at 800.

***

Accordingly, it is ORDERED that:

(1) Plaintiff Sharon Osburn's motion to strike or disregard (Doc. No. 137) granted to the extend that her objection to the affidavit of Paul Sibley (Doc. No. 131-11) is sustained, and the court will disregard that affidavit and its attachment at summary judgment.

(2) Plaintiff Osburn's motion to strike or disregard (Doc. No. 137) is denied in all other respects.

DONE, this the 15th day of September, 2014.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**